Francis J. **MULLIGAN**, Public Administrator of New York County, and Administrator of the Estate of Nicholas Karagianis, Deceased, Plaintiff,

v.

**OCEANIC TRANSPORT CORP.,**
**Defendant.**

United States District Court,
S. D. New York.

Oct. 25, 1954.

Cantor & Opper, New York City, George Halpern, New York City, of counsel, for plaintiff.

Frederick H. Cunningham, New York City, Victor S. Cichanowicz, Brooklyn, N. Y., of counsel, for defendant.

EDELSTEIN, District Judge.

Defendant moves to dismiss this action for wrongful death on the grounds of res adjudicata and the plaintiff's incapacity to sue. The plaintiff is the Public Administrator of New York County (permission to make the appropriate substitution of the incumbent Public Administrator being hereby granted), suing as administrator of the estate of a deceased seaman who was a citizen of Greece. Submitted with the motion papers is a certified copy of a translation of a "Report of Labor Compromise" in "settlement of certain claims in the case of" the deceased. Plaintiff cross-moves for an order striking out the defense of the prior judgment, or in the alternative, for an order permitting him to serve an amended complaint attacking that judgment on the basis of extrinsic fraud.

A careful scrutiny of the "Report of Labor Compromise" falls far short of revealing it as properly bottoming a plea of res adjudicata. It appears, in the first place, to be merely a report signed by two attorneys and a justice, rather than as an adjudication of issues between parties. Then, the parties there were not the same parties as are here involved. The claimant there was the grandmother of the decedent's two sons, while the plaintiff here is the lawfully appointed representative of the decedent; and the defendant here is the Oceanic Transport Corp., the operator of the vessel involved, while the Greek "Report" discloses a compromise by the attorney-in-fact of the Central American Steamship Agency. Further, the claim here is for damages for wrongful death, while the Greek claim appears to be for compensation under Greek labor laws. On the basis of what is thus far apparent, the Greek "Report" cannot be given the effect of res adjudicata. Sufficient proof may be developed at trial to form a basis for collateral estoppel, but in the absence of more enlightenment on the Greek "Report" it is impossible at this time to hold the present action barred by a former judgment.

The plaintiff's cross-motion to strike the defense of former judgment will be denied, but his motion for permission to serve an amended complaint attacking the alleged Greek judgment as void for extrinsic fraud will be granted, against the possibility that the defendant may establish, on the basis of that alleged judgment, a defense of collateral estoppel.

The second ground urged for dismissal, the incapacity of the plaintiff to sue, rests upon evidence that the decedent was not a legal resident of New York, having been a seaman of Greek nationality here only temporarily for the

purpose of reshipment. Thus, it is argued, the facts on which the jurisdiction of the Surrogate's Court was predicated are in error and the appointment is invalid. However, there is also evidence that the deceased was a legal resident of New York; before his death it appears that he had retained counsel to prosecute an application for citizenship and had manifested an intention to continue, as a citizen, his residence here of ten years' standing. The issue of the plaintiff's capacity turns on an issue of fact which must be resolved upon a trial.

The motion to dismiss will be denied, and the plaintiff's cross-motion to serve an amended complaint will be granted.